UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KUCHARSKI, SR. and
WILLIAM KUCHARSKI, JR.,

               Plaintiffs,                              Case Number 05-73669
                                                              Honorable David M. Lawson

v.

TODD LEVEILLE, JOHN GRIMSHAW,
and GERALD BOCKHAUSEN,

               Defendants.
_____/

**MEMORANDUM ORDER VACATING ORDER OF FEBRUARY 12, 2007,**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON**
**STATUTE OF LIMITATIONS GROUNDS, AND DISMISSING CASE**

      This case, filed on September 26, 2005, stems from a search conducted by the defendant police officers at the plaintiffs' home on March 24, 2001. The search led to the plaintiffs' arrest and conviction for various offenses. However, some of the convictions were vacated by the Michigan Court of Appeals on September 30, 2004 because the fruits of the illegal search should have been suppressed. The plaintiffs' two-count complaint invoked 42 U.S.C. § 1983 and alleged an illegal seizure in violation of the Fourth Amendment and gross negligence. The plaintiffs made clear in their previous motion papers that they were not asserting false arrest and malicious prosecution claims.

      The parties each filed motions for summary judgment. The defendants' motion was based in part on a statute of limitations defense. On February 12, 2007, the Court granted the plaintiffs' motion on the issue of liability, and granted in part and denied in part the defendants' motion for summary judgment. The Court dismissed the gross negligence claim but rejected the defendants' argument that the section 1983 claim was barred by the statute of limitations. The Court reasoned:

> Most claims accrue when the injury is discovered. "If, however, a cause of action under § 1983 would necessarily imply the invalidity of the plaintiff's underlying criminal conviction, the statute of limitations does not begin to run until the underlying conviction is reversed or expunged." *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006) (*citing Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999)). . . . The plaintiffs' claims in this case are premised on the argument that the warrantless search of their home violated their constitutional rights, during which evidence was seized that supported the underlying state court convictions. These claims necessarily imply the invalidity of the plaintiffs' underlying criminal convictions for drunken driving and aiding and abetting drunken driving, which in turn were based on the legality of the search as determined by the lower state court.

*Kucharski v. Leveille*, 2007 WL 522715, *8-9 (E.D. Mich. Feb. 12, 2007). On February 21, 2007, the Supreme Court decided *Wallace v. Kato*, 549 U.S. __, 127 S. Ct. 1091 (2007), which called into question this Court's February 12, 2007 ruling on the statute of limitations issue. The Court ordered the parties to show cause why the case should not be dismissed in light of the new decision. The parties have filed supplemental briefs.

*Swiecicki v. Delgado*, upon which this Court relied in its earlier opinion, was based on the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), where the Supreme Court held that a claim under 42 U.S.C. § 1983 that implies the invalidity of a criminal conviction cannot be brought until that conviction is reversed, vacated, or called into question in a habeas corpus proceeding. Heck was convicted of manslaughter, and while his conviction was pending on direct appeal he sued state officials alleging that they improperly investigated the case and destroyed evidence. The Court held that habeas corpus, not a civil tort action, is the proper vehicle to challenge the validity of a criminal judgment. Based on that rule, the Sixth Circuit has held that the statute of limitations for a section 1983 action does not commence until the underlying conviction is vacated. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999)).

-2-

*Wallace v. Kato*, however, held that a section 1983 claim based on an illegal arrest accrues at the time of the arrest, not when the convictions were reversed by a state court, and *Heck v. Humphrey*, 512 U.S. 477 (1994), does not require otherwise. In *Wallace*, the petitioner was taken to a police station and questioned about a shooting and eventually confessed. He was convicted of murder, but the conviction was reversed because the arrest was deemed illegal and the statement was invalid. Wallace filed a section 1983 action after the reversal of his conviction alleging an unlawful arrest. Although the Sixth Circuit has applied the *Heck* rule to delay the accrual time for section 1983 claims, the *Wallace* court held that this is error in cases where the section 1983 claim accrues before the state court conviction takes place:

> [T]he *Heck* rule for deferred accrual is called into play only when there exists "a conviction or sentence that has not been . . . invalidated," that is to say, an "outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn. We assume that, for purposes of the present tort action, the *Heck* principle would be applied not to the date of accrual but to the date on which the statute of limitations began to run, that is, the date petitioner became held pursuant to legal process. . . . Even at that later time, there was in existence no criminal conviction that the cause of action would impugn; indeed, there may not even have been an indictment.
>
> What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the pending civil action will impugn that verdict, *see Heck*, 512 U.S. at 487, n.7 – all this at a time when it can hardly be known what evidence the prosecution has in its possession.

*Wallace*, 127 S. Ct. at 1097-98.

The Court held that a false arrest claim accrues when the illegal detention ends – in Wallace's case, when the arrested suspect was taken before a judicial officer.  A section 1983 case must be filed, the Court held, within the period of limitations measured from that date.  With respect to the complication potentially caused by *Heck*, the Court noted that a district court could "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 1098.  Then, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* would require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Ibid.*

The Court noted that this procedure is "in accord with common practice," although this Court cannot attest to that.  In any event, although the practice announced by the Supreme Court was somewhat at odds with the general understanding of *Heck*, the Court did not allow equitable tolling.

The parties in this case agree that the applicable statute of limitations is three years, the illegal arrest occurred on March 24, 2001, the ensuing convictions were reversed on September 30, 2004, and the lawsuit was filed on September 26, 2005.  Absent the application of the delayed accrual rule derived from *Heck*, this lawsuit must be deemed untimely.

In their supplemental brief, the defendants argue that *Wallace* requires the case to be dismissed.  The plaintiffs argue that the law of the case doctrine prohibits relitigation of this issue and attempts to distinguish this case from *Wallace*.  The Court is not persuaded by these arguments; rather, the Court believes that the case is governed by *Wallace*.

First, the law of the case doctrine "states that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006) (quoting *Moses v. Bus. Card Express,*

-4-

*Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).  "'Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'"  *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (quoting 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002)).

There are three exceptions to the law of the case doctrine.  A court may "reconsider a ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."  *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997).  A court errs "in adhering to law of the case doctrine despite intervening Supreme Court precedent."  *Agostini v. Felton*, 521 U.S. 203, 236 (1997).  Plainly, the law of the case doctrine will not insulate a ruling from a subsequent decision by a superior court calling that ruling into question.  The plaintiffs' argument to the contrary must be rejected.

Second, the plaintiffs attempt to distinguish this case from *Wallace*, even going so far as to claim *Wallace* supports their contention that their cause of action did not accrue until January 6, 2003,  the date they were convicted with evidence from the illegal search.  This argument is flawed for several reasons.

Initially, the plaintiffs point out that their complaint alleges an illegal search, unlike *Wallace*, which involved a claim for false arrest.  The plaintiffs state the damages from such a search are not limited to the injury of the search itself; they also include the "natural consequences" of the search, i.e. the illegal conviction.  The plaintiffs argue that they could not have sued at the time of the search because they had no damages to recover.  This argument is incorrect: the essence of the claim was

-5-

the illegal home entry and *seizure* of William Kucharski, Jr. and the excessive force used against William Kucharski, Sr.  Even if the focus of the case was the search of the house, both plaintiffs could have sued at the time of the search because the officers violated their Fourth Amendment rights; they could have recovered nominal damages and punitive damages.

Furthermore, the plaintiffs' claims did accrue at the time of the search and seizure.  "[I]n actions brought under § 1983, '[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"  *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).  "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights."  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).  That event in this case was the illegal search and arrest, which occurred on March 24, 2001.  The plaintiffs' argument that their claim did not accrue until their convictions on January 6, 2003 must be rejected.  It is the illegal search and arrest that triggered this claim, even though the effects of those police actions may have continued into the future.  The courts must take note of "the subtle difference between a continuing violation and a continuing effect of a prior violation."  *Trzebuckowski*, 319 F.3d at 858.

This Court's previous decision on the statute of limitations issue was based on Sixth Circuit cases holding that accrual is delayed if a civil suit would imply the invalidity of a criminal conviction.  For example, in *Trzebuckowski v. City of Cleveland*, the court explained:

> We have previously held that when the outcome of a § 1983 action would conflict with the verdict in an underlying criminal proceeding, the accrual of the statute of limitations will be delayed beyond the time when a plaintiff has notice that his rights have been violated.  *See Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999) (*citing Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Shamaeizadeh*, the plaintiff brought a § 1983 action seeking damages against state officials for an illegal search and seizure following the dismissal of criminal charges.  *Id.* at 392.  At issue in the case was whether the statute of limitations for the § 1983 action accrued on the date

-6-

of the illegal search, when Shamaeizadeh was on notice that his rights were violated, or on the date that this court affirmed the district court's dismissal of the charges against him. *Id.* We held that the statute of limitations accrued on the date that the charges were dismissed, reasoning that "since . . . the only evidence that was introduced against Shamaeizadeh at trial was the evidence discovered in Shamaeizadeh's house during the allegedly illegal search, it would not have been possible, while the criminal proceedings were pending, to determine whether a decision on Shamaeizadeh's claim would imply the invalidity of his potential conviction without deciding issues common to the criminal action – i.e., whether the search was lawful." *Id.* at 398. In other words, because a § 1983 plaintiff must show that a decision in his favor will not imply the invalidity of an underlying charge or conviction, Shamaeizadeh could not have rightfully brought his § 1983 claim at any time prior to our decision to affirm the dismissal of the charges against him.

*Trzebuckowski*, 319 F.3d at 856-57. However, *Wallace* makes clear that *Trzebuckowski*'s and *Shamaeizadeh*'s application of *Heck* are incorrect. *Wallace* states that "the *Heck* rule for deferred accrual is called into play only where there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace*, 127 S.Ct. at 1097-98. Because the plaintiffs had not been convicted of anything at the time of the illegal arrest and search on March 24, 2001, *Heck* does not apply. *Wallace* rejected a rule "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Wallace*, 127 S. Ct. at 1098. This makes clear that the plaintiffs' claims accrued on March 24, 2001. Because they did not file suit until September 26, 2005, more than three years later, *McCune v. City of Grand Rapids*, 842 F.2d 903, 905-06 (6th Cir. 1988), their claim is time-barred.

Accordingly, it is **ORDERED** that this Court's order dated February 12, 2007 [dkt #41] is **VACATED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt # 38] is **GRANTED IN PART**.

It is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 21, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2007.

s/Felicia M. Moses
FELICIA M. MOSES