UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KUCHARSKI, SR. and
WILLIAM KUCHARSKI, JR.,

      Plaintiffs,

v.

TODD LEVEILLE, JOHN GRIMSHAW,
and GERALD BOCKHAUSEN,

      Defendants.
_____/

Case Number 05-73669
Honorable David M. Lawson

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION, REOPENING CASE, AND SETTING CALENDAR DATES

This case is before the Court on the plaintiffs' motion asking the Court to reconsider an order dismissing the lawsuit on statute of limitations grounds. Previously, the Court had granted the plaintiffs summary judgment on liability and denied the defendants' motion for summary judgment on the statute of limitations issue. However, the Court ordered supplemental briefing after a Supreme Court decision cast doubt on the Court's ruling. In the plaintiffs' motion for reconsideration, the plaintiffs point out that in actions under 42 U.S.C. § 1983, such as this, federal courts must look to state law to determine the applicable statute of limitations and the manner of its operation, including the effect of tolling rules. In its memorandum order dismissing this case, the Court neglected to consider Michigan's equitable tolling rules. The Court believes that this lapse amounts to palpable error, the correction of which will result in a different disposition of the case. Therefore, the Court will grant the motion for reconsideration, reinstate the action, and schedule a trial on damages.

I.

The facts of the case are discussed briefly in the Court's last memorandum order dismissing the case, *Kucharski v. Leveille*, 478 F. Supp. 2d 928 (E.D. Mich. 2007), and in more detail in the prior opinion and order adjudicating the cross motions for summary judgment, *Kucharski v. Leveille*, 2007 WL 522715 (E.D. Mich. Feb. 12, 2007). To summarize, on March 24, 2001, police officers from the department of state police received a report of a motor vehicle accident and proceeded to the home of the plaintiffs, William Kucharski, Sr. and William Kucharski, Jr., in St. Clair County, Michigan. They entered the house without a warrant, arrested Kucharski, Jr., took him to have his blood tested for alcohol, and arrested Kucharski, Sr. for interfering. The plaintiffs were prosecuted in state court, but some of the convictions were reversed by the state court of appeals on the grounds of Fourth Amendment violations on September 30, 2004. Thereafter, the plaintiffs filed the present case on September 26, 2005 alleging claims based on 42 U.S.C. § 1983 (for the illegal seizure in violation of the Fourth Amendment) and gross negligence.

After discovery was completed, the parties each filed motions for summary judgment. The defendants' motion was based on a statute of limitations, the asserted validity of the police officers' conduct, and qualified immunity. The plaintiffs alleged in their motion that the undisputed facts established a constitutional violation. On February 12, 2007, the Court granted the plaintiffs' motion on the issue of liability, and granted in part and denied in part the defendants' motion for summary judgment. The Court dismissed the gross negligence claim but rejected the defendants' argument that the section 1983 claim was barred by the statute of limitations.

On February 21, 2007, the Court ordered the parties to file briefs addressing the effect of the Supreme Court's decision in *Wallace v. Kato*, 127 S. Ct. 1091 (2007), on the statute of limitations

issue. After the briefs were filed, on March 21, 2007, the Court granted summary judgment for the defendants because the plaintiffs' claims are barred by the statute of limitations. The Court based its decision on *Wallace*, which held that a section 1983 claim based on an illegal arrest accrues at the time of the arrest, not when the convictions were reversed by a state court, and *Heck v. Humphrey*, 512 U.S. 477 (1994), does not require otherwise. The Court did not examine the question of equitable tolling, but merely observed that "although the practice announced by the Supreme Court was somewhat at odds with the general understanding of *Heck*, the Court did not allow equitable tolling." *Kucharski*, 478 F. Supp. 2d at 931.

The plaintiffs timely filed their motion for reconsideration alleging that the doctrine of equitable tolling should save their claim. The Court ordered the defendants to respond, which they did.

II.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

In its last order, the Court held that the plaintiffs' complaint was filed out of time because the cause of action accrued at the time of the illegal seizure, not when the state court convictions

were overturned. Although the later conclusion was ordained by a well-established line of Sixth Circuit precedent, *see, e.g., Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006) (*citing Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999)), that precedent was overturned by the Supreme Court in *Wallace*. The Court in *Wallace* held that a false arrest claim accrues when the illegal detention ends – in Wallace's case, when the arrested suspect was taken before a judicial officer. A section 1983 case must be filed, the Court held, within the period of limitations measured from that date. With respect to the complication potentially caused by *Heck*, the Court noted that a district court could "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 127 S. Ct. at 1098. Then, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* would require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Ibid.* Because the *Wallace* Court did not allow equitable tolling to save the plaintiff's claim in that case, this Court did not consider the possibility in the present matter.

However, just as limitations periods are taken from state law, so are the rules regarding equitable tolling. *Wallace*, 127 S. Ct. at 1098 ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitation."); *Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules'; New York's legislative choices in this regard were therefore 'binding rules of law.'"); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (dismissing section 1983 claim on the basis on *Wallace* and observing that "[a]bsent some tolling or delay in accrual, all of these claims would be untimely because they were not brought [for] more than two years after the arrest"). *Wallace* involved a case from Illinois. The Court noted that it was

not aware of any "Illinois cases providing tolling in even remotely comparable circumstances." *Wallace*, 127 S. Ct. at 1099. The Court declined "to adopt a federal tolling rule" for application in all such section 1983 cases. *Ibid.* Moreover, the Seventh Circuit had explicitly held that Fourth Amendment claims were exempt from the *Heck* rule. *Copus v. City of Edgerton*, 151 F.3d 646, 647-48 (7th Cir. 1998) ("Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward."). In a footnote, the Court stated,

> Had petitioner filed suit upon his arrest and his suit then been dismissed under *Heck*, the statute of limitations, absent tolling, would have run by the time he obtained reversal of his conviction. If under those circumstances he were not allowed to refile his suit, *Heck* would produce immunity from § 1983 liability, a result surely not intended. Because in the present case petitioner did not file his suit within the limitations period, we need not decide, had he done so, how much time he would have had to refile the suit once the *Heck* bar was removed.

*Wallace*, 127 S. Ct. at 1099 n.4.

Michigan courts, however, recognize the concept of equitable tolling to relieve a party of the effect of a statute of limitations in certain circumstances. For instance, the Michigan Supreme Court has allowed tolling, thereby allowing a case to proceed, when the plaintiff's failure to comply with the statute is a result of the confusing state of the law. *Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 684 N.W.2d 864 (2004). In *Bryant*, the plaintiff was the personal representative of her deceased aunt. The plaintiff alleged that the nursing home failed to give proper care, leading to her aunt's death. The plaintiff's complaint alleged that the defendant's actions constituted negligence. The circuit court ruled that the plaintiff's claims actually sounded in medical malpractice and dismissed the case. The plaintiff refiled her case as a medical malpractice case, which the defendant unsuccessfully moved to dismiss as barred by the statute of limitations. On

appeal, the Michigan Supreme Court first determined that some of the plaintiff's claims were medical malpractice claims, for which the limitation period is two years. Although other claims sounded in ordinary negligence, the court held that the plaintiff's medical malpractice claims would be barred if the limitations period were strictly construed. But the court declined to do so, holding:

> The equities of this case, however, compel a different result. The distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan, even in the wake of our opinion in *Dorris*. Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accordingly, for this case and others now pending – that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim. . . . However, in future cases of this nature, in which the line between ordinary negligence and medical malpractice is not easily distinguishable, plaintiffs are advised as a matter of prudence to file their claims alternatively in medical malpractice and ordinary negligence within the applicable period of limitations.

*Bryant*, 471 Mich. at 432-33, 684 N.W.2d at 876.

In *Ward v. Siano*, 272 Mich. App. 715, 730 N.W.2d 1 (2006), the Michigan Court of Appeals took a stricter approach to the two-year limitations period in the wrongful death saving statute. But the court recognized that the doctrine of equitable tolling can apply "to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of the defendant's bad faith or other particular and unusual inequities." *Id.* at 718, 730 N.W.2d at 2. The court cautioned, however, that "[i]nequities that justify judicial tolling must arise independently of the plaintiff's failure to diligently pursue the claim in accordance with the statute." *Ibid.*

Recent state supreme court decisions have limited *Bryant*'s scope. In *Devillers v. Auto Club Ins. Ass'n*, 473 Mich. 562, 702 N.W.2d 539 (2005), the court overruled precedent recognizing the doctrine of judicial tolling in no-fault insurance cases that effectively extended the one-year-back

rule for first-party claims against an automobile insurer. The court noted that the specific statutory command that a claimant "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced," Mich. Comp. Laws § 500.3145(1), left no room for equity to expand the period. Later, in *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 738 N.W.2d 664 (2007), that court declared that the common law discovery rule would not toll the statute of limitations, since the court did not recognize the common law and the legislature had not provided for suspending the period of limitation during the time that a plaintiff could not have discovered all the elements of her claim. In that case, the court held that the family of a rape and murder victim could not sue the murderer and his employer because the lawsuit was filed 16 years after the crime, despite the fact that the plaintiffs could not have discovered the identity of the murderer until DNA evidence provided the connection only months before the lawsuit was commenced. The court did not overrule *Bryant*, but rather distinguished it by observing that the court's "use of equity in *Bryant* is limited to those circumstances when the courts themselves have created confusion." *Trentadue*, 479 Mich. at 406, 738 N.W.2d at 679.

Based on the foregoing state court precedents, this Court finds that Michigan recognizes the doctrine of equitable tolling, and that a plaintiff may obtain relief from a statute of limitations thereunder if the delay in filing "is the product of an understandable confusion about the legal nature of her claim," *Bryant*, 471 Mich. at 432, 684 N.W.2d at 876, that confusion is created by the courts themselves, *Trentadue*, 479 Mich. at 406, 738 N.W.2d at 679, and the delay does not result simply from the plaintiff's lack of diligence, *Ward*, 272 Mich. App. at 715, 730 N.W.2d at 2. Moreover, where a specific statute controlling the period of limitation is found to abrogate the common law, courts must resort to the statutory tolling rules.

The Court believes that this case qualifies under Michigan law for the application of equitable tolling. First, there is confusion in the jurisprudence that is not clarified by any statutory pronouncement. The confusion results not from the length of the applicable statute of limitations, but from a determination when the statute starts to run. That confusion has been created by the courts themselves, as evidenced by *Wallace*'s overruling of this Circuit's precedents. *Wallace* altered the understanding of *Heck v. Humphrey*'s effect on the time a section 1983 claim for unlawful arrest accrues. The Supreme Court decided *Heck v. Humphrey* in 1994. Heck was convicted of manslaughter, and while his conviction was pending on direct appeal he sued state officials alleging that they improperly investigated the case and destroyed evidence. The Court held that habeas corpus, not a civil tort action, is the proper vehicle to challenge the validity of a criminal judgment, and a claim under 42 U.S.C. § 1983 that implies the invalidity of a criminal conviction cannot be brought until that conviction is reversed, vacated, or called into question in a habeas corpus proceeding. In a footnote, the Court commented on *Heck's* implications for section 1983 cases alleging an illegal search:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Heck*, 512 U.S. at 487 n.7 (citations omitted).

Some courts interpreted footnote seven to mean that the *Heck* bar did not apply to Fourth Amendment illegal search claims. *See, e.g.*, *Copus v. City of Edgerton*, 151 F.3d 646, 647-48 (7th

Cir. 1998) ("Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward."). However, the Sixth Circuit interpreted footnote seven as holding that the reversal of the conviction is an element of a criminal defendant's section 1983 claim that must be shown before a plaintiff may proceed. In *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), the plaintiff's car was searched after he was in a car accident. Drugs were found, and the plaintiff was arrested. The plaintiff pleaded guilty. He then filed a section 1983 suit alleging the search of his car and his arrest constituted an illegal search and seizure in violation of the Fourth Amendment. The Sixth Circuit affirmed dismissal of the plaintiff's claim because his conviction had not been overturned. According to the Sixth Circuit, *Heck* "concluded that proof of the illegality of a conviction is a necessary element of the § 1983 cause of action. Unless that conviction has been reversed, there has been no injury of constitutional proportions, and thus no § 1983 suit may exist." *Schilling*, 58 F.3d at 1086. After quoting footnote seven from *Heck*, the court stated that "[t]he language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit." *Ibid*.

Although *Heck* involved a plaintiff who already had been convicted in state court, most if not all circuits concluded that *Heck* barred a section 1983 claim by a plaintiff with criminal charges pending against him if success in the 1983 suit would be inconsistent with a future conviction. In *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999), the Sixth Circuit held that "the concerns of *Heck* apply pre-conviction as well as post-conviction."

> [A] prisoner seeking to challenge an allegedly unconstitutional search and seizure in a § 1983 claim must show that a decision in his favor would not imply the invalidity of his outstanding conviction . . . [and] that a decision in his favor would not imply the invalidity of a *future* conviction.

*Shamaeizadeh*, 182 F.3d at 398 (emphasis added).  Other circuits agreed.  *See, e..g., Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999) ("[I]f 'success on [a § 1983] claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.'"); *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("[W]e hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge . . . does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."); *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) ("If success on these claims would have necessarily implied the invalidity of a potential conviction on the murder charge, then Washington's claims did not accrue until the day on which the murder charge was dismissed."); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000) ("*Heck* applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) ("*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  Such claims arise at the time the charges are dismissed.").

Based on these principles, the Sixth Circuit dismissed section 1983 cases filed by plaintiffs with pending criminal charges.  *See Gorenc v. City of Westland*, 72 Fed. Appx. 336 (6th Cir. 2003); *Shamaeizadeh*, 182 F.3d at 399.

In *Wallace v. Kato*, 127 S. Ct. 1091 (2007), the Supreme Court overruled all the precedents in the circuits applying *Heck* to bar section 1983 claims filed by persons with criminal charges pending in state court or deferring the accrual date of such claims. *Heck* only applies if the plaintiff has actually been convicted. The Court held that a section 1983 claim based on an illegal arrest accrues at the time of the arrest, not when the convictions were reversed by a state court, and *Heck v. Humphrey*, does not require otherwise. *Shamaeizadeh*, plainly, was overruled.

There can be no question that the plaintiffs relied on Sixth Circuit precedent to their prejudice in this case. The untimeliness of the plaintiffs' complaint results from an understandable confusion about the state of the law as to when their claim accrued. That confusion was created by the courts themselves. The delay did not result from the plaintiffs' failure to diligently pursue the claim. In fact, the plaintiffs filed their complaint less than one year after their convictions were reversed.

Moreover, strict application of *Wallace* to this case effectively deprives the plaintiffs of their cause of action. If the plaintiffs had filed their case immediately after the search on May 4, 2001, Sixth Circuit precedent would have required dismissal of the case as barred by *Heck*. Once the law changed, the plaintiffs' convictions having been reversed on September 30, 2004, the plaintiffs would be barred by the statute of limitations under *Wallace*. This is "a result surely not intended." *Wallace*, 127 S. Ct. at 1099 n.4. Rather, this is the unusual case that fits neatly within the doctrine of equitable tolling.

The Court concludes that Michigan law tolled the three-year statute of limitations while the plaintiffs' convictions were still viable, and filing this case within three years of the reversal of those convictions does not result in a statute of limitations bar.

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration [dkt # 51] is **GRANTED**.

It is further **ORDERED** that the judgment dismissing the complaint [dkt #50] is **VACATED** and the complaint is **REINSTATED**.

It is further **ORDERED** that this Court's order dated February 12, 2007 [dkt #41] is **REINSTATED**.

It is further **ORDERED** that plaintiffs shall appear for a final pretrial conference in accordance with the Case Management and Scheduling Order on **February 19, 2008**, at **3:00 o'clock** in the afternoon, the proposed joint final pretrial order shall be submitted to chambers on or before **February 12, 2008**, motions *in limine* shall be filed on or before **January 22, 2008**, pretrial disclosures under Fed. R. Civ. P. 26(a)(3) shall be served on or before **January 4, 2008**, and trial on the remaining issues shall commence on **March 4, 2008**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  December 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 5, 2007.

s/Felicia M. Moses
FELICIA M. MOSES